**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC SALOOM, | : | |
| 297 Crawford Drive, Coraopolis, PA 15108 | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.   2:21-cv-1225 |
| MILLER PLASTIC PRODUCTS INC | : | |
| 24 Todd Drive, Burgettstown, PA 15021 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

### I.      NATURE OF CLAIM

And now Plaintiff, Eric Saloom, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Age Discrimination in Employment Act ("ADEA") *29 U.S.C. § 621 et seq*., have been violated and avers as follows:

### II.      PARTIES

1.      Plaintiff, Eric Saloom, (hereinafter "Plaintiff" or "Saloom"), is an adult individual and citizen of the Commonwealth of Pennsylvania. He resides at 297 Crawford Drive, Coraopolis, PA 15108.

2.      Defendant, Miller Plastic Products Inc., (hereinafter "Defendant"), is upon information and belief, a Pennsylvania company which has a principal place of business at 24 Todd Drive, Burgettstown, PA 150213.

3.      At all times material hereto, Defendant qualified as Plaintiff's employer under the Age Discrimination in Employment Act of 1967 ("ADEA," 29 U.S.C. § 621 et. seq.).

4.     At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5.     At all times relevant to this Action, Defendant employed or upon information and belief employed more than 20 employees.

6.     At all times relevant to this Action, Defendant acted by and through their respective authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of their respective businesses.

7.     At all times relevant to this Action, the Defendant was an employer within the meaning of the ADEA.

8.     At all times relevant to this Action, Plaintiff was an employee within the meaning of the ADEA.

### III.     JURISDICTION AND VENUE

9.     This civil action for age discrimination is instituted pursuant to the ADEA and applicable federal law

10.     This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

11.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District. Plaintiff was working for Defendant in the Western District of Pennsylvania at the time of the illegal actions and/or omissions by Defendant as set forth herein.

12.     Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of a request for a Right to Sue forwarded to the EEOC).

## IV.     FACTUAL ALLEGATIONS

13.     Plaintiff is fifty-seven-year-old man with a birthdate of December 17, 1963.

14.     Plaintiff was hired by Defendant on or around May 14, 2018, as a Vice President of Sales and by all accounts was a loyal, diligent and competent employee.

15.     Upon information and belief, at the time of his termination Plaintiff was earning approximately $120,000 per year between his salary and commissions.

16.     Plaintiff was paid a flat salary, there was no draw against his commission, and he was paid the same amount each month.

17.     Upon information and belief, Defendant asserted to the EEOC during its investigation of Plaintiff's charge that Plaintiff was terminated due to his salary.

18.     On or about March 20, 2020, Plaintiff suffered from the onset of a severe cough at work and by Monday after he presented to Healthcare providers. It was determined that his chest was filled with fluids and he was experiencing chest pains.

19.     During this time, Plaintiff was appropriately, and with Defendant's authorization and approval, called off sick.

20.     A concern arose from Donald Miller, Plaintiff's boss, due to the recent outbreak of COVID 19.

21.     Plaintiff stayed in constant touch with Mr. Miller and although he called off sick from work, he continued to perform what work duties he could from his home which included, answering emails and engaging in teleconferences as needed.

22.     Plaintiff engaged in teleconference exchanges with Mr. Miller over the weekend and early into the week preceding his termination, with absolutely no indication from Defendant of problems with Plaintiff's work performance.

23.     On or around March 20, 2020, Mr. Miller called Plaintiff and stated that, "he needed to go in another direction" and terminated Plaintiff.

24.     Mr. Miller gave no reason for his call and it surprised Plaintiff as he had previously told Mr. Miller that he would be back into work as soon as he could.

25.     Thereafter, Plaintiff ascertained that he was inexplicably replaced in his position by a fellow employee and considerably younger individual, Tim Zalesko, whom Plaintiff had helped train.

26.     Upon information and belief, Mr. Zalesko is in his mid-thirties.

27.     Upon information and belief, Mr. Zalesko was paid significantly less than Plaintiff.

28.     Defendant's cost-cutting is not a legitimate, non-discriminatory reason under the ADEA for discharging Plaintiff while retaining a younger, lower paid employee such as Mr. Zalesko.

### V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE AGE DISCRIMINATION IN
### EMPLOYMENT ACT ("ADEA") - DISCRIMINATION
### (29 U.S.C. § 621 et seq.)

29.     Plaintiff incorporates all foregoing paragraphs as if fully set forth at length herein.

30.     As set forth above, Plaintiff's status as a male over the age of forty (40) places him in a protected class.

31.     Defendant took adverse action against Plaintiff by terminating his employment.

4

32.     Plaintiff's membership in a protected class was the sole factor in Defendant's decision to terminate Plaintiff's employment.

33.     As such, Defendant's decision to terminate Plaintiff's employment is an action prohibited by the ADEA.

34.     Any non-discriminatory reasons offered by Defendant for Plaintiff's termination are pretextual.

35.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

36.     As a result of the willful conduct of Defendant's owners/management, Plaintiff hereby demands liquidated damages.

37.     Pursuant to the ADEA, 29 U.S.C. § 621 et. seq., Plaintiff demands attorney's fees and costs.

<u>**RELIEF**</u>

**WHEREFORE**, Plaintiff, Eric Saloom demands judgement in his favor and against Defendant, Miller Plastic Products, Inc., in an amount in excess of $150,000.00 together with:

 A.  Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

 B.  Punitive damages;

 C.  Treble damages;

D.  Attorney's fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.

DATE: <u>September 2, 2021</u>　　　　　　**LAW OFFICES OF ERIC A. SHORE, P.C.**

　　　　　　　　　　　　　　　　　*Mary LeMieux-Fillery*

**MARY LEMIEUX-FILLERY, ESQUIRE**
(P.A. ID 312785)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: (267) 546-0132
Telefax: (215) 944-6124
Email: Maryf@EricShore.com
*Attorneys for Plaintiff, Eric Saloom*